UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ANTHONY PENA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. JUAREZ, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-01400-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S STATE LAW BANE ACT CLAIM<br><br>(ECF No. 11) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed December 4, 2023. (ECF No. 11.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

**A.   Deliberate Indifference to Safety-Opening of Cell Door**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference ..." Labatad v. Corrs. Corp. of Amer., 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Gibson v. Cty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34; Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Farmer, 511 U.S. at 835 (explaining "deliberate indifference entails something more than mere negligence").

Although Plaintiff alleges that Defendant J. Valencia "negligently" opened Plaintiff's cell door (which does not give rise to a constitutional violation under the Eighth Amendment), Plaintiff also specifically alleges that when opening the cell door Valencia knew "hostile inmates were on the tier." (ECF No. 11 at 4.) Construing Plaintiff's allegations liberally, the Court finds Plaintiff's allegations are sufficient, at the pleading stage, to give rise to a cognizable claim for failure to protect against Defendant Valencia.

**B.     Excessive Force**

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).  To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).  In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7, 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from

3

constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Plaintiff's allegations that Defendant J. Juarez struck him in the right side stomach area fracturing his rib after he was pepper sprayed and prone out on his stomach is sufficient to give rise to a claim for excessive force.

### C. State Law- Bane Act Violation

Under California law, in order to state a tort claim against a public entity or public employee under state law, a plaintiff must allege compliance with the presentment of claims requirements of the California Government Claims Act. See Cal. Gov't Code §§ 945.4, 950.2; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Fisher v. Pickens, 225 Cal. App. 3d 708, 718, 275 Cal. Rptr. 487 (1990).

The Act's claims presentation requirements apply to state prisoners. Cal. Gov't Code § 945.6(c). "Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected." Ocean Servs. Corp. v. Ventura Port Dist., 15 Cal. App. 4th 1762, 1775, 19 Cal. Rptr. 2d 750 (1993); Cal. Gov't Code § 945.4 (generally barring suit "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board"1). Claims for "injury to person or to personal property" must be presented within six months after accrual. See Cal. Gov't Code § 911.2(a); City of Stockton v. Superior Court, 42 Cal. 4th 730, 738, 68 Cal. Rptr. 3d 295, 171 P.3d 20 (2007). A claimant who misses the six-month limitations deadline may file a written application with the public entity for leave to present the late claim within one year of the date of accrual of the cause of action, stating the reason for the delay. Cal. Gov't Code § 911.4. The claimant has six months after a denial of the application to file a petition in the Superior Court for an order relieving the claimant of section 945.4. Cal. Gov't Code § 946.6.

///

///

Here, as with Plaintiff's original complaint, Plaintiff first amended complaint does not allege timely and proper compliance with the claims presentation provision of the Government Claims Act. "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." City of Stockton v. Superior Court, 42 Cal. 4th at 738 (citation and internal quotations omitted). "Compliance with California's claim filing statute is ... an element of a cause of action against the state." United States v. State of Calif., 655 F.2d 914, 918 (9th Cir. 1980) (citations omitted). "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Rubenstein v. Doe No. 1, 3 Cal. 5th 903, 906, 221 Cal. Rptr. 3d 761 400 P.3d 372 (2017) (citation and quotations omitted).  Thus, even though Plaintiff has stated a cognizable federal constitutional claim, he cannot proceed with a Bane Act claim for the reasons stated above.

### D. Further Leave to Amend

The Ninth Circuit has repeatedly affirmed district courts' conclusions that amendment would be futile where the plaintiff failed to exhaust administrative remedies before filing suit. See Williams v. Paramo, 840 F. App'x 212, 213 (9th Cir. 2021) ("We conclude amendment would have been futile because it would not cure Williams' failure to exhaust available administrative remedies."); Mahone v. Morgan, 135 F. App'x 930, 931 (9th Cir. 2005) ("The district court did not abuse its discretion in denying Mahone leave to amend his complaint because the claim he sought to include had not been administratively exhausted, so amendment would have been futile.").  Likewise, where a plaintiff failed to comply with the Government Claims Act, the Ninth Circuit has affirmed the district court's conclusion that amendment would be futile. See Easley v. Cty. of El Dorado Prob. Dep't, 478 F. App'x 447, 447–48 (9th Cir. 2012) ("Denial of further leave to amend these claims was not an abuse of discretion because it was clear that Easley could not plead such compliance.").

Because Plaintiff has not and cannot cure his failure to comply with the Government Claims Act even if given leave to amend, the Court concludes that amendment would be futile.
///

**IV.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendant J. Valencia for failure to protect and against Defendant J. Juarez for excessive force in violation of the Eighth Amendment; and

2. Plaintiff's state law Bane Act claim be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 14, 2023**

UNITED STATES MAGISTRATE JUDGE